IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRI LEE ROSEQUIST,** | ) | |
| Petitioner, | ) | Civil Action No. 11-119 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **NANCY GIROUX, et al.,** | ) | |
| Respondents. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Honorable Maureen Skerda's Motion to Dismiss and Strike From the Caption [ECF No. 12] be granted, that the petition for a writ of habeas corpus be denied, and that a certificate of appealability be denied.

## II. REPORT[1]

### A. Relevant Background

On October 3, 2007, a criminal complaint was filed against Petitioner, Terri Lee Rosequist, accusing her of committing the crimes of Burglary (a felony in the first degree); Criminal Trespass (a felony in the third degree); Theft by Unlawful Taking or Disposition (a misdemeanor in the first degree); and Criminal Solicitation to Commit Burglary (a felony in the first degree). The arrest warrant, which was prepared by Trooper Jacob Jesse, explained:

---

[1] Respondents have submitted the Common Pleas Court's file and the transcript of a <u>Gagnon II</u> hearing that was held on April 9, 2010.

1

> On 4/30/07 … I interviewed the victim via telephone. He related that his two daughters … went to his residence and discovered that a large number of his belongings were gone, including his bed, nightstand, a television, and the kitchen table, among other smaller items. He related that since his wife died, he was no longer living there and could not watch over the items. He told me he believed the accused was a suspect because they had problems with her in the past, and [she] had lived there for a period of time until she was jailed the previous October (2006)….
>
> - - -
>
> I interviewed [Petitioner] on 04/03/07 at approx. 1645 hrs at the Warren County Jail. The suspect was read her Miranda Rights prior to being questioned. [Petitioner] admitted to taking the items, relating that the only item she took that belonged to her was a coffee table. She further related that [she] had lived in the apartment up until last October …. She related that she took the items because her boyfriend, [whose] identity she would not give, [was] going to move and wanted some items. She advised that her boyfriend had nothing to do with the burglary, and that she had told him she owned the items because she used to live there. She further said that she believed the victim was letting the items go to waste since her mother's death.

(10/3/07 Affidavit of Probable Cause). Trooper Jacobs stated that he also had spoken to one of the victim's daughters, who had told him that Petitioner was not supposed to be at the victim's residence. (Id.)

The Warren County Public Defender's Office was appointed to represent Petitioner. On December 18, 2008, she pleaded guilty to Theft By Unlawful Taking, a misdemeanor in the first degree. Pursuant to the plea agreement, the Commonwealth *nolle prossed* the remaining counts. Alan M. Conn, Esquire, represented Petitioner at the plea proceeding and at her subsequent sentencing.

On January 23, 2009, the Honorable Maureen A. Skerda sentenced Petitioner to a term of probation of 30 months, to run concurrently with another sentence that she was serving. Petitioner did not file an appeal with the Superior Court of Pennsylvania. Accordingly, her judgment of sentence became final on or around February 23, 2009, which is 30 days after Judge Skerda sentenced her, and thus the date the time for filing a direct appeal with the Superior Court expired. See Pa.R.A.P. 903(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the

conclusion of direct review or the expiration of time for seeking such review). Petitioner now contends that she contacted Attorney Conn and asked him to file an appeal, but that he told her that she would lose and then hung up on her. [ECF No. 6 at 4, 10].[2]

On or around March 18, 2010, which was approximately 1 year and 23 days after her judgment of sentence had become final, Petitioner filed a *pro se* motion for collateral relief in the Court of Common Pleas pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which she challenged her January 23, 2009, judgment of sentence. She claimed, as she does in her habeas petition now pending before this Court, that her guilty plea was not knowingly entered because she thought she was pleading guilty to a misdemeanor in the third degree. She also claimed, as she does before this Court, that Attorney Conn provided her with ineffective representation.

The Commonwealth filed a motion to dismiss the PCRA petition because it was untimely under the applicable one-year statute of limitations, which is codified at 42 Pa.C.S. § 9545(b). On March 24, 2010, the PCRA Court granted the Commonwealth's motion and dismissed the PCRA petition. Petitioner did not file an appeal with the Superior Court.

Petitioner commenced this federal habeas proceeding at the very earliest on or around February 13, 2011, which is the date she executed the petition.[3] [See ECF No. 6 at 11]. Thus, she commenced this case approximately 1 year, 11 months, and 21 days (or a total of 720 days) after the date her judgment of sentence became final.

Petitioner has named as Respondents Judge Skerda and Nancy Giroux, who is the Superintendent of the State Correctional Institution Muncy, which is where she is incarcerated. Judge Skerda has filed a

---

[2]  Petitioner violated the terms of her probation and on April 9, 2010, Judge Skerda sentenced her to a term of imprisonment of 12 months to five years' imprisonment.

[3]  Petitioner filed her habeas petition in the U.S. District Court for the Eastern District of Pennsylvania, which transferred this case to this Court on June 2, 2011.

3

motion in which she requests that she be dismissed from this action because she is not a proper respondent. [ECF No. 12]. Giroux, through the District Attorney of Warren County, has filed an Answer in which she argues that the petition should be denied because it is untimely and because Petitioner failed to exhaust her state court remedies and therefore has procedurally defaulted all of her habeas claims. [ECF No. 16].

### B.  Discussion

#### (1)  Judge Skerda's Motion to Dismiss and Strike From the Caption Should Be Granted

Judge Skerda's Motion to Dismiss and Strike From the Caption [ECF No. 12] should be granted. In this case, the proper respondent is the individual who has custody over Petitioner. See 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). See also Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Court; LCvR 2254.B.1; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). That person is Respondent Nancy Giroux, the Superintendent of the State Corrections Institution Muncy.

Based upon all of the foregoing, Judge Skerda is not a proper respondent to this action and her Motion to Dismiss and Strike From the Caption [ECF No. 12] should be granted.

#### (2)  The Petition Should Be Dismissed Because It Is Untimely

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). AEDPA requires, with a few exceptions not applicable

4

here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[4] As set forth above, Petitioner's judgment of sentence became final on or around February 23, 2009. Thus, she had one year from that date, or until on or around February 23, 2010, to file a timely federal habeas petition with this Court. Her federal habeas petition, which she filed on or around *February 13, 2011*, is clearly time-barred.[5]

The U.S. Supreme Court recently held that AEDPA's statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). Petitioner would be entitled to equitable tolling only if she demonstrates both that (1) she has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. Id. at 2562. See also Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). As the U.S. Court of Appeals for the Third Circuit explained in Pabon, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case. Rather the particular circumstances of each petitioner must be taken into account. [Holland, 130 S.Ct.] at 2563…. [E]quitable tolling is appropriate when 'principles of equity would make the rigid application of a limitation period unfair.'" 654 F.3d at 399, quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), and citing LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). "However," the court in Pabon stressed, "courts

---

[4] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. She did not suffer any impediment to filing her federal petition. 28 U.S.C. § 2244(d)(1)(B). Her claim is not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. § 2244(d)(1)(C). She has not shown that her claim is based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

[5] There is no basis to statutorily toll the limitations period pursuant to § 2244(d)(2). Petitioner did not file her PCRA petition until March 18, 2010, which was after AEDPA's limitations period had expired. Moreover, because her PCRA petition was untimely, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (a state postconviction petition that is "rejected ... as untimely ... was not 'properly filed' ... and ... [does] not entitle[] [a federal habeas corpus petitioner] to statutory tolling under § 2244(d)(2).").

5

need to be 'sparing in their use of' the doctrine." Id., quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Petitioner has not demonstrated that equitable tolling is applicable to this case.[6]

Based upon all of the foregoing, the petition is untimely and should be denied for that reason.

### (3) Petitioner's Claims Are Procedurally Defaulted

Petitioner's claims should also be denied for the alternative reason that she has procedurally defaulted them. The U.S. Court of Appeals for the Third Circuit has explained, "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), citing 28 U.S.C. § 2254(b)(1)(A). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan, 526 U.S at 842-49. The requirement is:

---

[6] Even if, as Petitioner alleges, Attorney Conn ignored her request to file a direct appeal, that would not change this Court's analysis. First, she has not demonstrated that Conn's alleged misconduct in and of itself qualifies as an "extraordinary circumstance" that stood in her way and prevented her from timely filing a federal habeas petition. Although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, tolling is not warranted for "a 'garden variety' claim of attorney negligence." Holland, 130 S.Ct. at 2564. Most importantly, however, Petitioner has not demonstrated that she has been pursuing his rights diligently. She did not file her PCRA petition until over a year after her judgment of sentence became final, and then, after the PCRA Court denied her request for state collateral relief, she waited more than 10 months before she commenced this federal habeas proceeding.

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in her habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Petitioner did not exhaust the claims that she now raises in her federal habeas petition. It appears that she raised at least some of them before the PCRA Court. However, she did not appeal the PCRA Court's decision to deny her post-conviction relief. Accordingly, none of her claims are exhausted.

Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where

7

"exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 164.

Here, requiring Petitioner to return to state court to attempt to litigate her unexhausted claims would be "futile" because she is foreclosed from doing so under Pennsylvania law. Since more than one year has passed since her judgment of sentence became final, any PCRA motion that she might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts (as was the case with her first PCRA petition). See 42 Pa.C.S. § 9545(b)(1).

A finding by a district court that exhaustion is "futile" generally results, as it does here, in a finding that the claims at issue are barred from federal habeas review. See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Based upon all of the forgoing, Petitioner failed to exhaust her claims and therefore her claims must be denied as procedurally defaulted.[7]

---

[7] A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if she can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner does not argue that she can overcome her default under the "cause" and "actual prejudice" requirements and the record does not indicate that it would be appropriate to excuse her default under those grounds.

A Petitioner may also overcome her procedural default is she can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. It is not applicable to Petitioner's case.

8

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Judge Skerda should be dismissed from this action and whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Judge Skerda's Motion to Dismiss and Strike From the Caption [ECF No. 12] be granted, that the petition for a writ of habeas corpus be denied, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: January 6, 2012

cc: The Honorable Sean J. McLaughlin
    United States District Judge